# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3916 | **DATE** | 7/15/2004 |
| **CASE TITLE** | Fintel vs. A.P. Members, LLC, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  ENTER MEMORANDUM OPINION AND ORDER. Defendants, A.P. Members; A.P. Loftominium Consultants, Inc.; HBI; Steven Gouletas; Washington-Morgan; Loftominium, LLC; 1327 Washington, Loftominium, LLC; Peoria Sangamon, Loftominium, LLC; May Loftominium, LLC; Loomis Loftominium, LLC; Annie Properties Investors, LLC; A.P. Property Holdings, LLC; and James Schwark have not been served. Service was required to be completed by 10/07/03. Therefore, claims against these defendants are dismissed. Gouletas's motion to dismiss is granted and Gouletas's motion for sanctions is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JUL 15 2004 | | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | 16 |
| ✓ | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | | date mailed notice | |
| JD | courtroom deputy's initials | | 2004 JUL 15 PM 3: 01 | mailing deputy initials | |

U.S. DISTRICT COURT CLERK

Date/time received in central Clerk's Office

Dan Fintel,                                  )
                                             )
        Plaintiff,                           )
                                             )
    v.                                       )        03 C 3916
                                             )        Judge George M. Marovich
A.P. Members, LLC;                           )
A.P. Loftominium Consultants, Inc.;          )
Home by INVSCO, Inc.; Steven                 )
Gouletas; Washington-Morgan;                 )
Loftominium, LLC; 1327 Washington            )
Loftominium, LLC; Peoria Sangamon            )
Loftominium, LLC; May Loftominium,           )
LLC; Loomis Loftominium, LLC; Annie          )
Properties Investors, LLC; A.P. Property     )
Holdings, LLC; Nicholas S. Gouletas;         )
Evangeline Gouletas; and James Schwark,      )
                                             )
        Defendants.                          )

## MEMORANDUM OPINION AND ORDER

Plaintiff Dan Fintel ("Fintel") filed a three-count Complaint against A.P.

Members, LLC ("A.P. Members"); A.P. Loftominium Consultants, Inc.; Home by

INVSCO, Inc.("HBI"); Steven Gouletas; Washington-Morgan; Loftominium, LLC; 1327

Washington, Loftominium, LLC; Peoria Sangamon, Loftominium, LLC; May

Loftominium, LLC; Loomis Loftominium, LLC; Annie Properties Investors, LLC; A.P.

Property Holdings, LLC; Nicholas S. Gouletas; Evangeline Gouletas ("Gouletas"); and

James Schwark (collectively "Defendants"), alleging that they failed to comply with

registration requirements pursuant to § 5 and § 12 of the Securities Act of 1933

("Securities Act"), as amended by the Securities Act of 1934, 15 U.S.C. § 77(e) and (l)

("Section 5") (Count I); the Illinois Securities Law of 1953, 815 Ill. Comp. Stat. 5/12(B)

and 5/13(A) ("5/12(B)" and "5/13(A)") (Count II); and breach of contract (Count III).

Defendants, A.P. Members; A.P. Loftominium Consultants, Inc.; HBI; Steven Gouletas;

Washington-Morgan; Loftominium, LLC; 1327 Washington, Loftominium, LLC; Peoria

Sangamon, Loftominium, LLC; May Loftominium, LLC; Loomis Loftominium, LLC;

Annie Properties Investors, LLC; A.P. Property Holdings, LLC; and James Schwark have

not been served. Service was required to be completed by October 7, 2003, 120 days

after the Complaint was filed. <u>Sellers v. United States</u>, 902 F.2d 598, 603 (7th Cir. 1990).

Therefore, claims against these defendants are dismissed. The sole remaining Defendant,

Gouletas, moves for dismissal of the Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6) and for sanctions pursuant to Federal Rule of Civil Procedure 11(c).

For the reasons set forth below, Gouletas's Motion to Dismiss is granted and Gouletas's

Motion for Sanctions is denied.

## BACKGROUND

The Complaint alleges the following relevant facts which, for the purposes of

deciding this motion, are taken as true. <u>Hishon v. King & Spaulding</u>, 467 U.S. 63, 73

(1984). In early 2000, A.P. Members issued and offered for sale securitized, promissory

notes debt in the amount of $2,900,000. The debt was offered for sale in the form of six-

year, twenty-five percent secured, promissory notes. Through its agents, A.P. Members

solicited Fintel by mail and telephone. On or after June 8, 2000, Fintel subscribed to the

offering and tendered money for a note in the amount of $191,342.47. Fintel alleges that

he did not receive copies of a secured note nor a prospectus for two years, at which time

he received a letter stating that the note and prospectus had been mailed to him on June

14, 2000.

Fintel alleges Defendants violated Section 5 of the Securities Act and 5/12(B) and 5/13(A) of the Illinois Securities Law by failing to provide him with a prospectus, a copy of the note, a private placement memorandum, a subscription agreement, or any written information regarding the sale prior to or at the time of the sale. Fintel contends that Gouletas is personally liable for the alleged violations of A.P. Members, since she controls HBI, a member of the A.P. Members. Gouletas moves to dismiss the Complaint arguing that the one-year statute of limitations for the federal and state claims expired on June 8, 2001. Gouletas further claims that Fintel fails to allege that Gouletas is a controlling person of the A.P Members, according to 15. U.S.C. § 77(o) or 815 Ill. Comp. Stat. 5/13(D).

DISCUSSION

I.      <u>Standard for a Motion to Dismiss</u>

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. <u>Wilson v. Formigoni</u>, 42 F.3d 1060, 1062 (7th Cir. 1994). To withstand a motion to dismiss, a complaint must allege facts which sufficiently set forth the essential elements of the cause of action. <u>Gray v. County of Dane</u>, 854 F.2d 179, 182 (7th Cir. 1988). Dismissal is proper only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of a claim which would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).

II.     <u>Statute of Limitations</u>

Gouletas contends that Fintel's federal law claims are barred by the one-year

statute of limitations for claims brought pursuant to §12(1) of the Securities, 15 U.S.C. §

77(l). Section 5 of the Securities Act forbids selling an unregistered security in interstate

commerce and § 12(1) states that the purchaser of a security sold in violation of § 5 may

rescind the transaction. <u>Allison v. Ticor Title Ins. Co.</u>, 907 F.2d 645, 650 (7th Cir. 1990).

However, "no action shall be maintained to enforce liability created under § 12(1), unless

brought within one year after the violation upon which it is based." 15 U.S.C. § 77(l).

Furthermore, "in no event shall any such action be brought to enforce a liability created

under § 12(1) more than three years after the security was bona fide offered to the

public." <u>Id.</u>

      The statute of limitations expired prior to Fintel's filing of the § 12(1) claims on

June 9, 2003. Fintel bases his claim on the violation of registration and soliciting sales

over the phone pursuant to § 12(1). Therefore, the statute of limitations started on June 8,

2000, the date the violation occurred, and expired one year later on June 8, 2001.

Furthermore, A.P. Members offered the securities at the beginning of 2000. Since Fintel

is basing his claim on § 12(1), his claim must be filed within three years of the public

offering. Therefore, the latest time that Fintel could have filed his claim was early

January 2003, three years after the company first issued the securities to the public in

early 2000. Thus, Fintel's Securities Act claim must be dismissed as untimely.

III.    <u>State Claims</u>

      In Counts II and III of his Complaint, Fintel asserts claims for violation of the

Illinois Securities Law and breach of contract pursuant to Illinois law. Having granted

Gouletas's motion to dismiss Fintel's claims under the Securities Act, there is no longer a

federal claim pending before this court. Thus, this Court, in its discretion, declines to

accept supplemental jurisdiction over Fintel's state law claims of breach of contract and violations of 815 Ill. Comp. Stat. 5/12(B) and 5/13(A); see Vukadinovich v. Board of Sch. Trustees, 978 F.2d 403, 415 (7th Cir. 1992) ("It is well established that if federal claims are dismissed before trial, the federal district courts should generally dismiss the state law claims as well."); Vakharia v. Swedish Covenant Hosp., 987 F. Supp. 633, 643 (N.D. Ill. 1997) ("Ordinarily, if a court rules against a plaintiff on all federal claims short of trial the pendant state law claims are dismissed without prejudice."), aff'd, 190 F.3d 799 (7th Cir. 1999). Accordingly, the Court dismisses Counts II and III without prejudice.

IV.    Sanctions

Gouletas requests this court impose sanctions upon Fintel claiming that this was a baseless claim which had no merit in law. However, "the mere fact that an argument is meritless does not subject its proponent to sanctions." Landis & Gyr Powers, Inc. v. Powers U.K., Ltd., No. 90 C 3027, 1990 U.S. Dist. LEXIS 14244, (N.D. Ill. Oct. 25, 1990). "Failure on merits is not synonymous with frivolousness." Id. The focus is "whether the conduct was reasonable under the circumstances." Id. Rule 11 provides guidance as to conduct that is considered reasonable: "[T]he presence of an attorney's signature on a complaint is a certificate that he has read the pleading . . . that to the best of his knowledge, information is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that is not interposed for any improper purpose, such as to harass or to cause any unnecessary delay or needless increase in the cost of litigation." Szabo Food Serv. Inc. v. Canteen Corp., 823 F.2d 1073, 1080 (7th Cir. 1987). The four requirements must be satisfied when the attorney files the complaint. Id.

Fintel appears to have adequately investigated the claims alleged in the Complaint. Fintel presented case law and identified sections of the Securities Act and the Illinois Securities Law, however, he mistakenly applied the three-year statute of limitations, which applies to other sections of the Securities Act. "Rule 11 is meant to punish frivolity, not mistakes." Berwick Grain Co., Inc. v. Illinois Dept. of Agriculture, 217 F.3d 502, 503 (7th Cir. 2000). Furthermore, Gouletas has provided no evidence that Fintel displayed bad faith or a lack of diligence in investigating the claim. Therefore, Gouletas's Motion for Sanctions is denied.

## CONCLUSION

For the reasons set forth above, Gouletas's Motion to Dismiss is granted and Fintel's motion for sanctions is denied.

ENTER:

George M. Marovich
United States District Judge

DATED: July 15, 2004